**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


REUBEN HENRY                            )
       **Plaintiff**                     )
                         )
vs.                                     )     **C.A.No. 10-189 Erie**
                         )
SUPERINTENDENT SAUER,                   )
                         )     **Magistrate Judge Baxter**
       **Defendant.**                   )


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**I.     RECOMMENDATION**

      It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.


**II.    REPORT**

      **A.    Relevant Procedural History**

      Plaintiff, acting pro se, filed this civil action on August 5, 2010, by filing a motion for in forma pauperis status and a motion for preliminary injunction. Plaintiff did not file a complaint.

      By Order dated August 5, 2010, this Court directed Plaintiff to provide the necessary documentation in support of his motion for in forma pauperis before August 23, 2010, or risk dismissal of his case for failure to prosecute. ECF No. 3.

      By Text Order dated September 8, 2010, this Court directed Plaintiff to file a complaint in this action before September 17, 2010, or risk dismissal of this case for failure to prosecute. That same order canceled a previously scheduled hearing on the motion for injunctive relief.

      As of today's date, Plaintiff has not filed a complaint in this action. This action cannot

proceed without a complaint.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has ignored orders by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187

(3d Cir. 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: October 5, 2010