IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REUBEN HENRY,                    )
      Plaintiff,            )    Civil Action No. 10-189 Erie
                                 )
      v.                    )    District Judge McLaughlin
                                 )
DEPT. SUPERINTENDENT             )
OVERMYER, et al,                 )    Magistrate Judge Baxter
      Defendants.           )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the motion for partial summary judgment filed by Plaintiff [ECF No. 33] be denied.

**II.   REPORT**

    **A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, originally filed this civil rights action on August 5, 2010. Plaintiff alleges that Defendants violated his constitutional rights in various ways during his incarceration at SCI Forest from February through August of 2010.

On December 13, 2010, Plaintiff filed an Amended Complaint raising claims arising out of five separate incidents. First, Plaintiff alleges that in February of 2010, he was forced to sleep on a filthy mattress in a dirty cell for twelve days and that he subsequently developed a rash from the exposure. Second, Plaintiff complains that there is a lack of guards and cameras in the "concrete yard" which presents a safety hazard. Third, Plaintiff complains that he was subjected

to a clogged toilet in his cell for eight days in July of 2010.  Next, Plaintiff claims his due process rights have been violated by Defendant Sauer who refused to provide him with copies of grievances.  Finally, Plaintiff challenges his denial of "Z-code" status.  ECF No. 16.

Named as Defendants in the Amended Complaint are: Deputy Superintendent Overmyer; Captain Riskus; Sgt. Miller; Lt. T. Murin; Lt. Jones; Correctional Officer Averall; Dr. Don Skunda; Lt. Apodaca; NP O'Rourke; and Superintendent Sauer.

Plaintiff has filed a motion for partial summary judgment against Defendants Jones, Averall, Miller and Murin on the claim that in February of 2010, he was forced to sleep on a filthy mattress in a dirty cell for twelve days.  ECF No. 33.  Defendants have filed a brief in opposition. ECF No. 66.  This motion is fully briefed and is ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a

2

complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

2. **Motion for summary judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.

3

Celotex, 477 U.S. at 322.  See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### *1.* **Plaintiff's claims regarding the mattress**

Plaintiff moves for summary judgment against Defendants Jones, Miller, Averall and Murin on the claims arising out of the allegation that he was forced to sleep on a dirty mattress for twelve days in February of 2010.  In the Amended Complaint, Plaintiff alleges:

> Defendants Jones, Miller, and Averall's placing Plaintiff in a dirty cell with a mattress with no vinyl covering on it, because Plaintiff refused a cellmate in a double cell, violated Plaintiff's First Amendment rights, and constituted adverse action/retaliation conduct under the First Amendment of the U.S. Constitution. Placement in this cell also amounted to punishment without due process of law, in violation of the Fourteenth Amendment of the U.S. Constitution.  Placement in the cell JC-2021 also constituted cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.
>
> Defendants Jones, Miller and Averall's place Plaintiff in a dirty unsanitized cell with a [sic] infested mattress with no vinyl covering on it, constituted unsafe/unsanitary prison conditions, inhumane confinement.  A deliberate indifference to Plaintiff's substantial risk of harm (which result in a [sic] injury), and cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.
>
> Defendant Murin's refusal to remove Plaintiff from unsanitary cell, and to give Plaintiff a new mattress after being informed of Plaintiff unsanitary conditions of confinement, and a deliberate indifference to Plaintiff's substantial risk of harm (which result in a [is] injury) consisted cruel and unusual punishment under the

4

> U.S. Constitution in violation of Plaintiff's Eighth Amendment rights under the U.S. Constitution. Defendants refusal to take immediate action of Plaintiff situation after being informed constituted cruel and unusual punishment and punishment without due process law in violation of the Fourteenth Amendment of the U.S. Constitution.

ECF No. 16. This Court construes these factual allegations as raising both an Eighth Amendment claim and a separate retaliation claim. However, despite his recitation of the Fourteenth Amendment, it does not provide Plaintiff with the legal basis upon which to pursue a claim. See Ordonez v. Yost, 289 Fed.Appx 553, 555 (3d Cir. 2008) citing Graham v. Connor, 490 U.S. 386, 395 (1989) (where a due process claim is identical to an Eighth Amendment claim, the plaintiff must "bring the claim pursuant to the more explicit constitutional amendment." ).

### 2. Eighth Amendment

Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1991). But, "not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights." Booth v. King, 228 Fed.Appx 167, 171 (3d Cir. 2007). Cruel and unusual punishment will only be found "where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's necessities." Id. quoting Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir. 1990).

In the non-medical context, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates received adequate food, clothing, shelter, and medical care, and must "take reasonable measure to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). To make out an Eighth Amendment claim based on prison conditions, the plaintiff must show "he has

5

suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer, 511 U.S. at 834. An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, and shelter. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000).

As to the first requirement, "prison conditions violate the Eighth Amendment if they result in the 'unnecessary and wanton infliction of pain,' are 'grossly disproportionate to the severity of the crime warranting imprisonment,' or result in an 'unquestioned and serious deprivation of basic human needs.'" Robinson v. Carr, 99 F.3d 1150 (Table) (10th Cir. 1991) quoting Rhodes, 452 U.S. at 346-47. As to the second requirement, deliberate indifference is a difficult standard to meet: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

Plaintiff's motion for summary judgment should be denied as to his Eighth Amendment claim in that he has not demonstrated that he was denied the "minimal civilized measure of life's necessities." Plaintiff alleges that he was forced to use a dirty mattress for twelve days. In support of his motion for summary judgment, Plaintiff has provided his own declaration testifying that he was subjected to unsanitary cell conditions. ECF No. 33, page 2. However, evidence has been presented by Defendants that the mattress issued to Plaintiff was not dirty or unsanitary. See ECF No. 66-1, Declaration of Lt. Michael Jones, pages 2-3. This factual dispute

over the condition of the mattress is a material issue which precludes summary judgment on this claim.[1]

### 3. Retaliation

Plaintiff is advancing a retaliation claim separate and apart from his Eighth Amendment deliberate indifference claim by alleging that he was subjected to the unsanitary conditions due to his verbal refusal to cell with another inmate.

It is well settled that retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution, which is actionable under § 1983. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). "Government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). See also Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997) ("[A]n otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his exercise of First Amendment speech."). In order to state a *prima facie* case of retaliation, it is a plaintiff's burden to show:

> (1) the conduct which led to the alleged retaliatory conduct was constitutionally protected;

---

[1] This Court notes that other district courts have held that allegations regarding an unsanitary mattress are insufficient to state a claim under the Eighth Amendment. See Wilfong v. Morris County Correctional Facility, 2006 WL 3392938 (D.N.J. 2006) (holding that allegations about dirty footwear and an unsanitized mattress were insufficient to state a claim under the Eighth Amendment standard for deliberate indifference); Robinson v. Middaugh, 1997 WL 567961 (N.D.N.Y. 1997) (holding that Plaintiff's claims that he was required to sleep on an unsanitized mattress did not rise to the level of deliberate indifference or the wanton infliction of pain.).

(2) that he was subjected to adverse action; and

(3) the constitutionally protected activity was a substantial or motivating factor in the state actor's decision to take the adverse action.

Rauser, 241 F.3d at 333. See e.g., Mt. Healthy City School Dist.Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Anderson, 125 F.3d at 163.[2] Because retaliation claims can be easily fabricated, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Here, in support of his motion for summary judgment, Plaintiff has pointed to no evidence that he engaged in constitutionally protected activity that was causally linked to some adverse action. Accordingly, summary judgment should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for summary judgment filed by Plaintiff [ECF No. 33] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond

---

[2] If a plaintiff shows these three elements, the burden shifts to defendants to prove that they would have taken the same action without the unconstitutional factors. Mt. Healthy, 429 U.S. at 287. "This means that, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge

Dated:  January 6, 2012