# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REUBEN HENRY, | ) | |
|     Plaintiff, | ) | Civil Action No. 10-189 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| SUPERINTENDENT SAUER, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.

**II.    REPORT**

Plaintiff, a state inmate acting *pro se*, originally filed this civil rights action on August 5, 2010. Plaintiff alleges that Defendants violated his constitutional rights in various ways during his incarceration at SCI Forest from February through August of 2010.

On December 13, 2010, Plaintiff filed an Amended Complaint raising claims arising out of five separate incidents. First, Plaintiff alleges that in February of 2010, he was forced to sleep on a filthy mattress in a dirty cell for twelve days and that he subsequently developed a rash from the exposure. Second, Plaintiff complains that there is a lack of guards and cameras in the "concrete yard" which presents a safety hazard. Third, Plaintiff complains that he was subjected to a clogged toilet in his cell for eight days in July of 2010. Next, Plaintiff claims his due

1

process rights have been violated by Defendant Sauer who refused to provide him with copies of grievances. Finally, Plaintiff challenges his denial of "Z-code" status. ECF No. 16.

Named as Defendants in the Amended Complaint are: Deputy Superintendent Overmyer; Captain Riskus; Sgt. Miller; Lt. T. Murin; Lt. Jones; Correctional Officer Averall; Dr. Don Skunda; Lt. Apodaca; NP O'Rourke; and Superintendent Sauer.

Plaintiff's pretrial narrative statement was due March 27, 2012. ECF No. 72. Plaintiff filed a motion for extension of time which was granted and Plaintiff's pretrial statement was due by May 31, 2012. Text Order dated March 28, 2012.

By Order dated June 6, 2012, this Court directed Plaintiff to show cause for his failure to file the pretrial statement by the May 31st deadline. The Order warned that the show cause was due by June 15th and warned that failure to comply would result in the dismissal of this action for failure to prosecute. ECF No. 80.

In response, Plaintiff filed motion for extension of time to complete discovery and file pretrial statements and a motion for the appointment of counsel. ECF Nos. 82-84. This Court conducted a status conference via telephone on June 11, 2012. Plaintiff's motions to extend time for discovery and for the appointment of counsel were denied and his motion for extension of time to file his pretrial statement was granted until July 13, 2012. Plaintiff was directed to file a change of address with the Court as soon as possible. ECF No. 86.

As of July 23, 2012, Plaintiff still had not filed his pretrial statement or filed a change of address with this Court. This Court order that Plaintiff show cause for his failure in this regard by July 30, 2012, or risk dismissal of this case for failure to prosecute.

As of today's date, Plaintiff has failed to file his pretrial statement and has failed to file his change of address.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the close of discovery in this matter, Plaintiff has taken none of the necessary steps to prosecute this case. Plaintiff has ignored several orders of this Court despite being given many extensions of time. Without Plaintiff's filing of the pretrial statement, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 6, 2012