# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REUBEN HENRY, )
)
    Plaintiff, )
) Civil Action No. 10-189 Erie
        v. )
)
DEPUTY SUPERINTENDENT )
OVERMYER, et al., )
)
    Defendants. )

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., Chief Judge.

### I. Procedural Background

This civil rights action was received by the Clerk of Court on August 5, 2010 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation [ECF No. 115], filed on March 26, 2013, recommended that the Motion for Summary Judgment filed by the Defendants [ECF No. 93] be granted, and that the Plaintiff's Motion to voluntarily dismiss Defendants Skunda, Apodaca, Sauers, Riskus, and Overmyer [ECF No. 109] be granted. The parties were allowed fourteen (14) days from the date of service to file objections. Objections were filed by the Plaintiff on April 11, 2013. [ECF No. 116].

After de novo review of the documents in the case, together with the Report and Recommendations and Objections thereto, the Report and Recommendation will be adopted as the opinion of the Court with the exception of the recommendation relative to his Eighth Amendment conditions-of-confinement claim.

1

II. Discussion

In recommending summary judgment be granted in favor of the Defendants allegedly involved in the Eighth Amendment violation, the Magistrate Judge found that there was a factual issue as to whether the Defendants sanitized the Plaintiff's cell and mattress prior to his placement in the cell. [ECF No. 115] pp. 11-12. The Magistrate Judge concluded, however:

> …[W]hether or not the cell and mattress were cleaned and sanitized prior to Plaintiff's placement is not dispositive of the claim here. Plaintiff has not demonstrated to this Court that he was denied the "minimal civilized measure of life's necessities." Plaintiff alleges that he was forced to use a dirty mattress for a period of twelve days and that he developed a fungal rash on his groin and hands as a result. "[P]rison conditions are often less than ideal, but only extreme deprivations of life's basis necessities violate the Eighth Amendment's prohibition on cruel and unusual punishment." Lewis v. Western Regional Jail, 2012 WL 3670393, at *8 (S.D.W.Va. 2012). See also Peterkin v. Jeffes, 855 F. 2d 1021, 1026-27 (3d Cir. 1988) (holding that sleeping on dirty mattress on floor does not rise to the level of an Eighth Amendment violation); Wilfong v. Morris County Correctional Facility, 2006 WL 3392938 (D.N.J. 2006) (holding that allegations about dirty footwear and an unsanitized mattress did not rise to the level of deliberate indifference or wanton infliction of pain.); Robinson v. Middaugh, 1997 WL 567961 (N.D.N.Y. 1997) (holding that plaintiff's claims that he was required to sleep on an unsanitzed mattress did not rise to level of deliberate indifference or wanton infliction of pain); Hutto v. Rinney, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'gruel' might be tolerable for a few days and intolerably cruel for weeks or months."); Chant v. Clark County Jail, 2012 WL 5205873, at *3 (W.D.Wash. 2012) ("Usually, a more offensive condition will be of constitutional significance when it exists for even a short time, while a less offensive condition will be of constitutional significance only when it has existed for a much longer time. Long-term unsanitary conditions violate the Eighth Amendment …").
>
> Even if true, a non-sanitized mattress for less than two weeks is not an extreme deprivation of life's basic necessities. Accordingly, summary judgment should be granted in favor of Defendants.

[ECF No. 115] pp. 12-13.

Plaintiff objects to the Magistrate Judge's conclusion, arguing that she erred in focusing solely on his allegations with respect to the mattress, and failed to consider his

2

remaining allegations. [ECF No. 116] ¶ 3.[1] Plaintiff states that, in addition to the feces stains on the mattress, there was also "feces all over his cell", he was not given any sheets or blankets to place on the mattress, nor any cleaning supplies to remedy the problem.[2] [ECF No. 116] ¶ 3. Plaintiff contends that he was forced to sleep on the mattress for twelve days and that as a result of these unsanitary conditions, he developed a fungal rash on his groin and hands. [ECF No. 111] ¶¶ 27-28; [ECF No. 116] ¶ 5. Plaintiff argues that these combined conditions establish a viable Eighth Amendment claim precluding summary judgment. [ECF No. 116] ¶ 5.

"[A] prison official violates the Eighth Amendment only when two requirements are met." *Giblom v. Gillipsie*, 435 Fed. Appx. 165, 168 (3d Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "First, the deprivation alleged must be, objectively, sufficiently serious." *Id*. "[S]econd … a prison official must have a sufficiently culpable state of mind." *Id*. The objective component is narrowly defined: only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S.1, 9 (1992). A prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." *Wilson v. Seiter*, 501 U.S. 294, 304, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). These needs include "food, clothing, shelter, sanitation, medical care and personal safety." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir.1997). "[A] totality of the circumstances test must be applied to determine whether the conditions of confinement constitute cruel and unusual punishment." *Tillery v. Owens*, 907 F.2d 418, 427 (3d Cir.1990).

A plaintiff must also demonstrate that "a prison official subjectively acted with a sufficiently culpable state of mind, i.e., deliberate indifference." *Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410, 418 (3d Cir. 2000). This subjective component is also narrowly construed. A defendant's conduct violates the Eighth

---

[1] Plaintiff does not object to the Magistrate Judge's recommendation with respect to his remaining claims.
[2] Defendants deny the Plaintiff's allegations and contend that the mattress and cell had been sanitized prior to his placement in the cell. [ECF No. 96] Exhibits 2, 4, 6.

Amendment "only if he knows that the inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

"Sanitation is one of the basic human needs recognized by eighth amendment cases," *see Peterkin v. Jeffes,* 855 F. 2d 1021, 1027 (3d Cir. 1988) (citations omitted), and "exposure to human waste carries particular weight in the conditions calculus." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). In addition, "the courts have stressed the importance of the duration of the complainant's exposure to the alleged unconstitutional conditions, and a review of the 'totality of the circumstances,' as being critical in the Eighth Amendment determination, and not just the allegedly egregious conditions themselves." *Tsosi v. Holt*, 2012 WL 1191608 at *8 (M.D.Pa. 2012) (citing *Rhodes*, 452 U.S. at 362-63); *see also Dantzler v. Beard*, 2007 WL 5018184 at *11 (W.D.Pa. 2007) ("length of exposure to unsanitary conditions is one consideration in determining the objective prong of the Eighth Amendment" but granting summary judgment given the absence of evidence regarding the length of time plaintiff was exposed to feces and bodily fluids), *report and recommendation adopted by* 2008 WL 744740 (W.D.Pa. 2008); *Woods v. Abrams*, 2007 WL 2852525 at *12 (W.D.Pa. 2007) (observing that the plaintiff's allegations that the wall of his cell was covered with feces by a prior inmate "may assert an Eighth Amendment claim" but entering summary judgment since the plaintiff was issued cleaning supplies the next day and was not "required to remain in an unsanitary condition for an inordinate period of time").

In light of the Plaintiff's allegations and the previously described case law, we find that there is a triable issue of fact as to whether the Plaintiff's Eighth Amendment rights were violated. *See e.g.*, *McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001) (upholding Eighth Amendment claim given the "totality of the circumstances" where plaintiff alleged that he was forced to remain in feces-covered cell for a three-day period)); *see also Despain*, 264 F.3d at 974 (upholding Eighth Amendment claim where plaintiff alleged exposure to other inmates' urine and feces due to standing water from flooded toilets for thirty-six hours, noting "[e]xposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* and

4

the more general standards of dignity embodied in the Eighth Amendment."); *Wheeler v. Walker*, 303 Fed. Appx. 365, 367-68 (7th Cir. 2008) (upholding Eighth Amendment claim where plaintiff alleged he was confined for two weeks in a roach infested cell with a badly torn mattress, a urine and waste "encrusted" sink and toilet, and debris covering the floors, walls and sink).  Accordingly, summary judgment will be denied with respect to this claim.

AND NOW, this 24th day of June, 2013;

IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by the Defendants [ECF No. 93] is GRANTED in part and DENIED in part.  Specifically, the Motion is DENIED with respect to the Plaintiff's Eighth Amendment conditions-of-confinement claim and is GRANTED in all other respects.

IT IS FURTHER ORDERED that the Plaintiff's Motion to voluntarily dismiss Defendants Skunda, Apodaca, Sauers, Riskus, and Overmyer [ECF No. 109] is GRANTED.

                                                      s/    Sean J. McLaughlin
                                                          Chief United States District Judge

cm:    All parties of record
         Susan Paradise Baxter, U.S. Magistrate Judge