IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REUBEN HENRY                                    :
                                                :
                        Plaintiff,              :
                                                :        Civil Action No. 10-189
            v.                                  :        Judge Arthur J. Schwab
                                                :
SGT. MILLER, et al.,                            :
                                                :
                        Defendants,             :
                                                :

# FINAL JURY INSTRUCTIONS

## I. General Instructions

Now that you have heard the evidence and the argument, it is my duty to instruct you on the law.

We have given you copies of the special Verdict Form on which you will answer specific questions. Please take a few minutes to read the Verdict Form, because the instructions I am about to give you will help you answer those questions.

When you retire to the jury room to deliberate, you may take these instructions with you, along with your notes, the exhibits that the Court has admitted into evidence, and the Verdict Form. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. In other words, it is your duty to determine from the evidence what actually happened in this case, applying the law as I now explain it.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole; do not disregard or give special attention to any one instruction; and do not question the wisdom of any rule of law or rule of evidence I state. In

other words, do not substitute your own notion or opinion as to what the law is or ought to be.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict.  Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors.  Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence.  But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me, or to anyone but each other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a

cell phone, a smart phone like Blackberries, Droids, or iPhones, or a computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the Bailiff.  The Bailiff will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages:  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.   Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A Verdict Form has been prepared for you.  It has a series of questions for you to answer.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.  Unless I direct you otherwise, do not reveal your answers until you are discharged.  After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

## II. Evidence

### What is Evidence?

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other physical items, if any, received as exhibits, and any facts stipulated by the parties.

**Exhibits**

Plaintiff and counsel for Defendants have agreed to the legal admissibility of various exhibits. This means that these exhibits meet the requirements of the rules of evidence and therefore have been admitted for your consideration. This does not mean that the parties agree as to the inferences or conclusions that you should or may draw from any exhibit.

**What is Not Evidence?**

The following things are not evidence:

1. Statements, arguments, questions and comments by the lawyers or pro se Plaintiff are not evidence.

2. Likewise, objections are not evidence. Lawyers and pro se Plaintiff have every right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Any testimony that I ordered stricken from the record, or told you to disregard, is not evidence and you must not consider any such matter.

4.  Anything you saw or heard about this case outside the courtroom is not evidence.  You must decide the case only on the evidence presented here in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

### Evidence, Inferences, and Common Sense

While you may consider only the evidence in the case in arriving at your verdict, you are permitted to draw such reasonable inferences from the testimony and exhibits you feel are justified in the light of your common experience, reason and common sense.

### Direct and Circumstantial Evidence

In this regard, you may consider either direct or circumstantial evidence.  "Direct evidence" is the testimony of someone who asserts actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of facts and circumstances from which you may infer that something either did or did not happen.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It requires only that you weigh all of the evidence and be convinced that the

party has met the burden of proof by a preponderance of the evidence before you return a verdict for that party.

**Bias, Sympathy And Prejudice**

You may not allow sympathy or personal feelings to influence your determination. Your duty is to decide the case solely on the basis of the evidence or lack of evidence and the law as I have instructed you, without bias, prejudice, or sympathy for or against the parties or their counsel. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

**Evidence Admitted for a Limited Purpose**

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes. Whenever evidence was admitted for a limited purpose, consider it only for that purpose, and no other purpose.

**Not Required to Accept Uncontradicted Testimony**

You are not required to accept any testimony, even though the testimony is not contradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, because of the

inherent improbability of his or her testimony, or because of other reasons sufficient to you, that such testimony is not worthy of belief.

**Jurors' Notes**

Your notes are not evidence in the case and must not take precedence over your independent recollection of the evidence. Notes are only an aid to your recollection and are not entitled to greater weight than your recollection of what the evidence actually is. You should not disclose any notes taken to anyone other than a fellow juror.

You were not obligated to take notes. If you did not take notes you should not be influenced by the notes of another juror, but instead should rely upon your own recollection of the evidence.

**III. Credibility of Witnesses / Weight of Testimony in General**

**In General**

You must consider all of the evidence, but this does not mean you must accept all of the evidence as true or accurate. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given and by evidence or testimony to the contrary.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness' ability to have observed the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider any business, personal or other relationship a witness might have with either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

**Inconsistencies or Discrepancies**

Consider inconsistencies or discrepancies in the testimony of a witness or between different witnesses, which may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction

may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, give the testimony of each witness the weight you think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

**False In One, False In All**

If you find that a witness has lied to you in any material portion of his or her testimony, you may disregard that witness' testimony in its entirety. I say that you may disregard such testimony, not that you must. However, you should consider whether the untrue part of the testimony was the result of a mistake or inadvertence, or was, rather, willful and stated with a design or intent to deceive.

**Number of Witnesses Not Important**

The weight of the evidence is not determined by the number of witnesses testifying for either side. You may find that the testimony of a

small number of witnesses as to any fact is more credible than that of a larger number of witnesses to the contrary. In short, what is most important is how believable the witnesses were, and how much weight you think their testimony deserves.

### Burden of Proof / Preponderance of the Evidence

In a civil case like this one, Plaintiff has the burden of proof in this case to prove all of the elements of his claim. Because this is a civil case, Plaintiff's burden is to establish each element of the claim by a preponderance of the evidence.

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true. This Rule does not require proof to an absolute certainty, because absolute certainty is seldom if ever possible.

When you go into the jury room imagine that you have on the table the scales of justice on which two trays are hanging evenly in balance. Now label the right-hand tray "Plaintiff's tray" and put on to that tray all the evidence on a particular claim which you feel favors Plaintiff, giving to that

evidence the weight that you believe it is fairly entitled to receive. Next, place on the left-hand tray, "Defendants' tray," all of the evidence in the case that favors Defendants' side of that claim; again, giving to that evidence the weight that you believe a Defendant is fairly entitled to receive.

Remember, the weight of the evidence is <u>not</u> the number of persons testifying against either party; rather, it is the quality of the testimony given. For example, one person who saw an event and testified accurately as to what was seen may have the same weight as ten persons testifying to the same event on the other side.

After considering the weight of the evidence, if you think that the scales tip, ever so slightly or to the slightest degree, in favor of Plaintiff, then Plaintiff has sustained his burden of proof by a preponderance of the evidence and your verdict should be for the Plaintiff and against Defendants on that claim.

### Defendant's Status Does Not Infer Liability

Simply because a Defendant is sued does not mean that the Defendant is liable. Anyone can file a lawsuit or a discrimination charge. The fact that Plaintiff filed this lawsuit does not, in itself, mean that one or more

Defendants have done anything that the law prohibits. That is for you to decide on the basis of the evidence.

### IV. Substantive Law

The Federal Civil Rights Act of 1871, Title 42 United States Code Section 1983, allows a Plaintiff to recover damages for a violation of his or her Constitutional rights where the Plaintiff can carry their burden of establishing by a preponderance of the evidence that: first, the conduct complained of was committed by the Defendant while acting under color of state law; and second, the Defendant's conduct deprived the Plaintiff of a right, privilege, or immunity secured by the United States Constitution. I will now instruct you on each of these elements in further detail.

Regarding the first element, I am instructing you that this element is not disputed. Thus, a particular Defendant and/or Defendants' actions, whatever you determine them to be, were conducted under color of state law.

The second element is satisfied only if the Plaintiff proves by a preponderance of the evidence that he was deprived of a federal right by a Defendant. Here, the Plaintiff claims that the Defendants violated his right to

be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the United States Constitution.

Specifically, Plaintiff has brought what is known as a "conditions of confinement claim."

Plaintiff must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials demonstrated deliberate indifference to his health or safety. Only extreme deprivations are sufficient to present a claim for unconstitutional conditions of confinement.

**Elements of Plaintiff's Claim**

In order to establish his claim for violation of the Eighth Amendment, Plaintiff must prove each of the following by a preponderance of the evidence: (1) that he was incarcerated under conditions posing a substantial risk of serious harm; and (2) the Defendants were deliberately indifferent to that serious risk.

In this case, there are four (4) Defendants in this action. It does not necessarily follow that, if one is liable, then the others are also liable. Each

Defendant is entitled to a fair consideration of his or her own defense and is not prejudiced if you find against another Defendant.

To be held liable for violating any of the Plaintiff's civil rights, each Defendant must have been personally involved in the wrongful conduct. In other words, each Defendant must have by his or her own action committed the violation of rights asserted by the Plaintiff.

**Element 1: Substantial Risk of Serious Harm**

Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. First, Plaintiff must prove by a preponderance of the evidence that the conditions of his cell and mattress posed a substantial risk of serious harm. As such, Plaintiff must prove that the conditions of confinement complained of existed and that these conditions were inhumane and resulted in a serious deprivation of Plaintiff's basic needs.

Not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights. Cruel and unusual punishment will only be found where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him

of the minimal civilized measure of life's necessities. To the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. Prison conditions are often less than ideal, but only extreme deprivations of life's basic necessities violate the Eighth Amendment's prohibition on cruel and unusual punishment. The test is an objective one, and in applying it, you should be guided by society's contemporary standards of decency.

### Element 2: Deliberate Indifference

Second, Plaintiff must prove by a preponderance of the evidence that a Defendant was deliberately indifferent to that serious risk. Plaintiff must show that each particular Defendant was aware that a substantial risk of serious harm existed. You must analyze each particular Defendant separately. You may find that no Defendants were deliberately indifferent, all Defendants were deliberately indifferent, or some Defendants were deliberately indifferent but some were not.

In this particular case, if you find that Plaintiff's cell or mattress posed a substantial risk of serious harm, you must then decide whether any Defendant was aware of that risk. That means, for any Defendant to be liable

to Plaintiff, he must have personally known of these conditions, known that the conditions posed a substantial risk of serious harm to Plaintiff, and yet chose to do nothing about it.  If you find that any particular Defendant was unaware of the risk, even if the risk was objectively obvious, then you must find that he was not deliberately indifferent.  Likewise, if you find that any particular Defendant was aware of the risk and attempted to help alleviate the conditions that posed the risk, then you must find that he was not deliberately indifferent.

### Damages

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not a Defendant should be held liable.

### Compensatory Damages

If you find a Defendant or Defendants liable, then you must consider the issue of compensatory damages.  You must award Plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of Defendant's conduct.

Plaintiff must show that the injury would not have occurred without

Defendant's act or omission. Plaintiff must also show that Defendant's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendant's act or omission.  There can be more than one cause of an injury. To find that Defendant's act or omission caused Plaintiff's injury, you need not find that Defendant's act or omission was the nearest cause, either in time or space. However, if Plaintiff's injury was caused by a later, independent event that intervened between Defendant's act or omission and Plaintiff's injury, Defendant is not liable unless the injury was reasonably foreseeable by Defendant.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.  Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

### Nominal Damages

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition

of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**Punitive Damages**

In addition to compensatory or nominal damages, you may consider awarding Plaintiff punitive damages. A jury may award punitive damages to punish a Defendant, or to deter the Defendant and others like the Defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the Plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that a particular Defendant acted maliciously or wantonly in violating Plaintiff's federally protected rights. In this case there are multiple Defendants. You must make a separate determination whether each Defendant acted maliciously or wantonly.

- A violation is malicious if it was prompted by ill will or spite

towards the Plaintiff.  A Defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the Plaintiff in a manner he knows to be unlawful.  A conscious desire to perform the physical acts that caused Plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a Defendant had a conscious desire to violate rights or injure Plaintiff unlawfully.

● A violation is wanton if the person committing the violation recklessly or callously disregarded the Plaintiff's rights.

If you find that it is more likely than not that a particular Defendant acted maliciously or wantonly in violating Plaintiff's federal rights, then you may award punitive damages against that Defendant.  However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.  I will now discuss some considerations that should guide your exercise of this discretion.  But remember that you cannot award punitive damages unless you have found that the Defendant in question acted maliciously or wantonly

in violating Plaintiff's federal rights.

If you have found that the Defendant in question acted maliciously or wantonly in violating Plaintiff's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a Defendant for a malicious or wanton violation of the Plaintiff's federal rights, or to deter the Defendant and others like the Defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish that Defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent the Defendant from again performing any wrongful acts he may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those the Defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Defendant should be punished for his wrongful conduct toward Plaintiff, and the degree to which an award of one sum or

another will deter Defendant or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the Defendant's action. For example, you are entitled to consider whether the Defendant's act posed a risk to health or safety; and whether the Defendant engaged in repeated misconduct, or a single act. You should also consider the amount of harm actually caused by the Defendant's act, and the harm that could result if such acts are not deterred in the future.

The extent to which a particular amount of money will adequately punish a Defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the Defendant's financial resources. Therefore, if you find that punitive damages should be awarded against a Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

### V. Process of Jury Deliberation

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so, without violation to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. You can make this selection and conduct your deliberations in whatever manner you think best, but I offer some suggestions that other juries have found helpful to allow full

participation by all jurors and to arrive at a verdict that satisfies everyone.

The foreperson should encourage open communication, cooperation and participation by all jurors, and be willing and able to facilitate discussions when disagreements and disputes arise.

The foreperson should let each of you speak and be heard before expressing her or his views.

The foreperson should never attempt to promote or permit anyone else to promote his or her personal opinions by coercion or bullying.

The foreperson should make sure that deliberations are not rushed. Some people are better at facilitating than others, and if it becomes clear that someone else would be a more effective foreperson, you might want to consider selecting a different person, with no hard feelings.

You also may think it wise to select a secretary to record votes, which should probably be cast by secret ballot, and to keep track of whether everyone has spoken.

Some juries think it will be useful to take a preliminary vote before discussions are started, however, such an early vote often proves counter-productive for several reasons, including that it tends to "lock-in" a particular

point of view before alternative points of view are covered.

You should listen carefully and attentively to each other, and hear what each other person is saying before responding. Don't interrupt and don't monopolize the discussion. Speak one at a time. Be patient and respectful of other opinions, and don't take it personally if someone disagrees with you.

A Verdict Form has been prepared for you, and you have reviewed a copy. You will take the original Verdict Form to the jury room and when you have reached a unanimous agreement as to your verdict, you will each sign it, have your foreperson date it, and then signal the Bailiff that you are prepared to return to the courtroom.

You will also be provided with copies of these instructions for your use during deliberations. If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson, and pass the note to the Bailiff who will bring it to my attention. After consulting with the lawyers, I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should

never state or specify your numerical division at the time.

It is proper to add the caution that nothing said in these instructions and nothing in the Verdict Form prepared for your convenience is meant to suggest or hint in any way what verdict I think you should find.

What the verdict shall be is your sole and exclusive duty and responsibility. You will note from the oath about to be taken by the Bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

[Swear Bailiff and send jury out]